UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EMILIE I. WIGGIN, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:11-cv-00236-DBH |
| GARY L. ENSWORTH, | ) ) ) | |
| Defendants | ) | |

# MEMORANDUM OF DECISION ON MOTION
# FOR ATTACHMENT AND TRUSTEE PROCESS

For the reasons that follow, the motion for attachment and trustee process is granted in the amount of $ 300,000.00.

## Applicable Legal Standards

In accordance with Federal Rule of Civil Procedure 64 and Local Rule 64, this court looks to Maine law and procedure in adjudicating a motion for attachment or trustee process. The plaintiff must show that it is more likely than not that he will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment or trustee process plus any insurance, bond or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment. Me. R. Civ. P. 4A(c),(g), 4B(c),(i). A motion for attachment or trustee process must be accompanied by an affidavit or affidavits setting forth "specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and so far as upon information and belief, shall state that the affiant believes this information to be true." Me. R. Civ. P. 4A(i), 4B(c).

Furthermore, pursuant to both Rule 4A(h) and 4B(j) a defendant may request upon motion and notice to modify an attachment previously entered, whether entered ex parte or after hearing, if specific property or sufficient cash or bond is available to satisfy the potential judgment.

**Discussion**

This motion for attachment arises in the context of a complaint about breach of contract in a dispute involving the construction of plaintiff's home in Blue Hill, Maine. Defendant was retained in a dual capacity, as a subcontractor and project manager to oversee construction of the home and disburse plaintiff's funds to various other subcontractors. Among his duties, the defendant collected bills from various subcontractors and submitted them to plaintiff or her agents for payment. Four subcontractors aver by way of affidavits (Doc. Nos. 4-2, 4-3, 4-4, and 4-6) that they billed a total of $377,090.80 for work they performed during construction. However, defendant furnished invoices to plaintiff showing falsified and inaccurate amounts owing to the four subcontractors that totaled $654,925.07. Plaintiff paid defendant in reliance on his invoices, resulting in an overpayment of $277,834.27. For a summary, see paragraph 4 of Exhibit A, the Affidavit of Theodore K. Wiggin. (Doc. No. 4-1). Additionally, as partial compensation for his services, defendant was paid five percent of the amount charged by and paid to subcontractors, which therefore included at least another $13,891.71 in overpayment to defendant, resulting in a total claim of $291,725.98. (Compl. ¶ 9).

Given the content of the various affidavits, it appears that it is more likely than not that plaintiff will receive a judgment in an amount at least as great as $300,000.00, considering there is a claim for costs and punitive damages as well as the principal amount claimed due and owing. Defendant's response to the various affidavits relies entirely upon his general denial by way of

answer and the brief memorandum submitted in opposition which merely states that his version of the oral contract between himself and the plaintiff will ultimately be found more persuasive. The defendant does not explain what his version of the oral contract looks like or why the various subcontractors would submit affidavits claiming that documents submitted by the defendant to plaintiff were fraudulent. This case, on the present record, is more than a he said/she said swearing dispute because four apparently neutral subcontractors have submitted affidavits stating they never prepared or submitted the invoices submitted by defendant and paid by plaintiff. I am satisfied that plaintiff has met her burden of persuasion and that an attachment and trustee process should issue for the amount indicated.

Defendant's other argument in opposition to the motion is that the attachment/trustee process would create a hardship for him, his business, and his family. However, defendant does not offer any real estate, insurance or other property that could be used as security in lieu of a general attachment and trustee process. While I am not unsympathetic to those concerns, plaintiff has made the necessary showing to be entitled to the writ.

## Conclusion

Based upon the foregoing, the motion for attachment and trustee process is granted. A separate writ of attachment and trustee process will issue forthwith,

## **CERTIFICATE**

Any objections to this Order shall be filed in accordance with Fed.R.Civ. P. 72.

*So Ordered.*

August 30, 2011

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge